IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

BARRY RICHARD DENT,

        Petitioner,

   v.

STEVE FRANKE,

        Respondent.

Civil No. 2:12-00389-BR

OPINION AND ORDER

C. RENEE MANES
Assistant Federal Public Defender
101 SW Main St
Suite 1700
Portland, OR  97204

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
NICK M. KALLSTROM
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Currently before the Court is Petitioner's request for a stay of these proceedings contained in Petitioner's Brief in Response to the State's Answer and Response. For the reasons that follow, the Court DENIES Petitioner's request for a stay.

## BACKGROUND

On or about May 28, 2002, Petitioner was charged with arson in Columbia County Circuit Court. On or about July 15, 2003, Petitioner entered a no contest plea to the charge. On August 15, 2003, the trial court sentenced Petitioner to five years of probation.

On February 9, 2004, Petitioner was charged with aggravated murder, murder, kidnaping in the first and second degree, and two counts of burglary. The charges arose from incidents that occurred at the same time as the arson. The state sought the death penalty. A jury convicted Petitioner on all counts, and he was sentenced to life without parole.

Petitioner filed a direct appeal. On September 24, 2010, the appellate judgment affirming his conviction and sentence was issued. On November 5, 2010, Petitioner filed a petition for state post-conviction relief ("PCR"). The PCR proceeding remains pending in the state court.

2 - OPINION AND ORDER -

On March 5, 2012, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this Court. The Court subsequently appointed counsel to represent Petitioner. On May 14, 2012, Respondent filed an Answer and Response to the Petition, arguing that it should be dismissed as premature because Petitioner has not completed exhausting his available state remedies. In reply, Petitioner concedes his state PCR proceeding remains pending, and he requests a stay of this case pending conclusion of the state proceeding.

## **DISCUSSION**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)), *cert. denied*, 545 U.S. 1146 (2005). If a petitioner presents a federal court with both exhausted and unexhausted claims, his petition is said to be

3 - OPINION AND ORDER -

"mixed." *Jefferson v. Budge*, 419 F.3d 1013, 1015 (9th Cir. 2005). Here, the Petition is clearly mixed, as Petitioner alleges claims he exhausted through the direct appeal process as well as claims he is currently pursuing in his state PCR proceeding.

Under limited circumstances, this Court has the authority to stay a habeas corpus action while a petitioner completes the exhaustion process in state court. *Rhines v. Weber*, 544 U.S. 269, (2005). In *Rhines,* the Court held that a federal district court may stay a mixed petition in "limited circumstances," so that a petitioner may present his unexhausted claims to the state courts without losing his right to federal habeas review due to the one-year statute of limitations. *Rhines*, 544 U.S. at 273-75.

Under *Rhines*, a district court may stay a mixed petition only if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. *Id.* at 278; *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 2771 (2009).

The Court in *Rhines* did not define "good cause." In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), however, the Court provided guidance by suggesting that good cause is satisfied by the

4 - OPINION AND ORDER -

existence of "reasonable confusion about whether a state filing would be timely." *Id.* at 416.

Here, the State asserts that none of the concerns at issue in *Rhines* or *Pace* are present. It is clear Petitioner's current PCR action was properly filed and, as such, is tolling the federal statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Because Petitioner filed his state PCR petition before the limitation period began to run, if the Oregon PCR courts reject Petitioner's claims, he will still have a full year from the date the appellate judgment issues in the PCR proceeding to file for federal habeas corpus relief, which is the maximum allowable period of time allowed by statute. *See* 28 U.S.C. § 2244(d)(1). Consequently, there is no confusion in Petitioner's case regarding his ability to comply with the statute of limitations.

Petitioner contends a stay is warranted because of the complexity of his case and the unusually voluminous state record. Petitioner did not cite, and this Court could not locate, any case law supporting this argument. In the absence of authority extending the stay and abeyance procedure to a situation such as the present, the Court declines to do so.

Because Petitioner presents the Court with a mixed petition, and as there is no reasonable confusion over the statute of limitations or other good cause shown to justify staying this case, the Court must give Petitioner the option of either: (1)

5 - OPINION AND ORDER -

dismissing this action without prejudice to allow him to conclude his state collateral review proceedings before refiling this federal habeas corpus action; or (2) amending his Petition to include only his exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Tillema v. Long*, 253 F.3d 494, 503 (9th Cir. 2001). Petitioner should be advised that if he chooses the latter option, he "would risk forfeiting consideration of his unexhausted claims in federal court." *Rose*, 455 U.S. at 520.

## CONCLUSION

For these reasons, IT IS ORDERED that Petitioner has the option of either: (1) dismissing this action without prejudice to allow him to conclude his state collateral review proceedings before refiling this federal habeas corpus action; or (2) amending his Petition to include only his exhausted claims. Petitioner shall have 30 days from the date of this Opinion and Order to inform the Court of his position.

IT IS SO ORDERED.

DATED this 27 day of September, 2012.

_____
ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER -