IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARRY RICHARD DENT,

        Petitioner,

v.

STEVE FRANKE,

        Respondent.

Civil No. 2:12-cv-00389-BR

OPINION AND ORDER

C. RENEE MANES
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
NICHOLAS M. KALLSTROM
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Currently before the Court are Petitioner's "*Pro Se* Notice of Election of Self-Representation" (#30) and the "Motion for Hearing on Issues of Self-Representation and Competency" (#39) filed by Petitioner's court-appointed counsel.

## BACKGROUND

### I. Arson Conviction

On May 28, 2002, Petitioner was charged in Columbia County Circuit Court with two counts of Arson in the First Degree and three counts of Arson in the Second Degree. The charges arose from the same incident, which occurred on or about May 25, 2002.

On August 29, 2002, Petitioner was admitted to the Oregon State Hospital ("OSH") for an evaluation of his competency to aid and assist in his own defense. OHS medical professionals diagnosed Petitioner with schizophrenia, evidenced by psychotic symptoms, auditory hallucinations, and paranoid and grandiose delusions. He was prescribed Risperidone and was returned to Columbia County on December 5, 2002.

On or about July 15, 2003, Petitioner entered a plea of no contest to one count of Arson in the First Degree, and the

2 - OPINION AND ORDER -

remaining charges were dismissed. The trial judge sentenced Petitioner to five years of probation. Petitioner did not appeal.

On July 22, 2008, Petitioner filed a Petition for Writ of Habeas Corpus in this court, *Dent v. Martinez*, Case No. 6:08-cv-00866-HO, challenging the arson conviction. On May 13, 2009, U.S. District Judge Michael R. Hogan dismissed the Petition as untimely filed. On July 1, 2009, Judge Hogan denied a motion to reconsider.

On October 9, 2009, Petitioner filed a petition for state post-conviction relief ("PCR") challenging the arson conviction in Umatilla County Circuit Court. On January 25, 2010, the PCR trial judge denied the petition as untimely. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Dent v. Mills*, 243 Or. App. 254, 264 P.3d 1285, *rev. denied*, 351 Or. 254, 264 P.3d 1285 (2011).

On August 10, 2012, Petitioner filed a second Petition for Writ of Habeas Corpus in this Court challenging the arson conviction. *Dent v. Franke*, Case No. 3:12-cv-1452-JE. On September 25, 2012, District Judge Michael H. Simon dismissed the Petition as successive.

## II. Aggravated Murder Conviction

On February 9, 2004, Petitioner was charged in Columbia County Circuit Court with five counts of Aggravated Murder, one

3 - OPINION AND ORDER -

count of Murder, one count of Kidnaping in the First Degree, one count of Kidnaping in the Second Degree, and two counts of Burglary in the First Degree. The victim in all ten counts was the same individual, and the crimes were alleged to have occurred on May 22, 2002, as part of the same course of conduct which precipitated the prior arson charges and conviction.

On December 7, 2004, Petitioner was re-admitted to OSH for a determination of his competency to aid and assist in his defense. He was discharged on March 7, 2005, re-admitted on April 13, 2006, and discharged again on June 28, 2006. Throughout these admissions, Petitioner maintained he was not suffering from any mental disease or disorder, and that he was unhappy his trial attorneys questioned his competency to proceed.

On June 27, 2006, Petitioner filed a motion to remove his counsel and be allowed to proceed *pro se*. On July 3, 2006, counsel filed a motion to withdraw. On that date the trial court conducted a hearing, after which Petitioner was allowed to waive counsel and to proceed *pro se*.

On September 7, 2006, a jury found Petitioner guilty on all counts. Immediately after receiving the jury verdict, the trial judge revoked Petitioner's right to proceed *pro se* and re-appointed counsel to represent him for the penalty phase. The judge cited the technical nature of the penalty phase and Petitioner's lack of expertise, as well as an allegation that

4 -- OPINION AND ORDER --

Petitioner failed to follow instructions from the court during the guilt phase.

On September 22, 2006, the trial judge conducted a hearing on counsel's motion to determine Petitioner's competency to proceed to a penalty phase and to aid and assist in his own defense. On October 17, 2006, Petitioner was re-admitted to OSH. On November 8, 2006, he was discharged and returned to Columbia County.

The trial judge conducted an additional aid and assist hearing in January 2007. The penalty phase proceedings began on January 24, 2007. On January 30, 2007, the jury returned a verdict calling for life imprisonment without the possibility of parole. The trial judge imposed that sentence.

Counsel filed a direct appeal on Petitioner's behalf. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *State v. Dent*, 233 Or. App. 297, 225 P.3d 152, *rev. denied*, 348 Or. 621, 237 P.3d 221 (2010).

On November 14, 2010, Petitioner filed a state PCR petition. On August 13, 2012, the PCR petition was dismissed. The PCR trial judge dismissed the petition as meritless and declared the dismissal was not appealable. Petitioner nonetheless attempted to appeal the dismissal, but was unsuccessful.

### III. Habeas Corpus Action

On March 5, 2012, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his 2007

conviction and sentence. Petitioner filed a motion for appointment of counsel, and this Court appointed the Federal Public Defender under the authority of the Criminal Justice Act, 18 U.S.C. § 3006A(2)(B).

Petitioner's *pro se* Petition was premature, as he filed it while his state PCR proceedings were pending. On August 14, 2012, Respondent filed a Response to the Petition contending the action should be dismissed as premature. On July 16, 2012, counsel for Petitioner filed a brief in response and a request for abeyance of this action pending the conclusion of the state court proceedings.

On September 27, 2012, this Court issued an Opinion and Order on Petitioner's request for abeyance which ordered Petitioner to choose the option of either dismissing the action without prejudice to allow him to conclude his state collateral review proceedings before re-filing a federal habeas petition or to amend his Petition to include only exhausted claims. On October 26, 2012, counsel filed a Notice indicating the state collateral proceedings were concluded and requesting time to file an Amended Petition. On October 30, 2012, this Court issued an order granting counsel's request and giving Petitioner until March 1, 2013, to file an Amended Petition.

On February 15, 2013, Petitioner filed two *pro se* documents: a "*Pro Se* Notice of Election of Self-Representation" (#30) and "Habeas Corpus Petition/brief - *Pro Se* -" (#31). In the Notice,

6 - OPINION AND ORDER -

Petitioner states he elects to represent himself and to proceed without the assistance of counsel in this action. The "Petition/Brief" is a nine-page narrative statement which is largely incomprehensible, along with attachments including an excerpt from what appears to be a pre-sentence investigation report related to the arson conviction and a 51-page narrative from Petitioner regarding mind-control techniques said to be utilized by the CIA.

Around the same time he filed his *pro se* documents with the Court, Petitioner mailed letters to the Court which raised sufficient concerns that they were referred to the United States Marshal for investigation. One such letter was entered under seal in the Court docket (#37) on March 26, 2013, by order of this Court.

On April 2, 2013, counsel for Petitioner filed a Motion for Hearing on Issues of Self-Representation and Competency, along with a supporting Declaration. Counsel describes her concerns about Petitioner's competency to represent himself in this habeas action, and recounts his refusal to confer with her on the case and his refusal to sign a release allowing her to obtain his medical and mental health records from the Oregon Department of Corrections ("ODOC"). In response, Respondent requests the Court to order release of Petitioner's mental health records to both

7 - OPINION AND ORDER -

parties before the Court decides whether a hearing on Petitioner's competency is necessary.

On June 4, 2013, the Court conducted a telephone status conference with counsel only. As a result, the Court determined Petitioner's medical and mental health records in the custody and control of ODOC should be submitted to the Court for *in camera* review for the purposes of the Court determining whether a hearing on Petitioner's competency is warranted.

## DISCUSSION

### I. Continued Representation of Petitioner

In *Faretta v. California*, 422 U.S. 806, 807 (1975), the Supreme Court held that the Sixth and Fourteenth Amendments include a "constitutional right to proceed without counsel when" a criminal defendant "voluntarily and intelligently elects to do so." In *Indiana v. Edwards*, 554 U.S. 164, 167 (2008), however, the Court held the Constitution does not forbid a state from insisting that a defendant proceed to trial with counsel where the state court found the defendant mentally competent to stand trial if represented by counsel but not mentally competent to conduct that trial himself. Morever, in *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152 (2000), the Court held the *Faretta* right to self-representation does not extend to appellate proceedings.

8 - OPINION AND ORDER -

Finally, in *Ryan v. Gonzalez*, 133 S. Ct. 696, 706, 709 (2013), the Supreme Court recently held there is no constitutional right to be competent for the purposes of habeas corpus proceedings. The Court suggested on remand the trial court should conduct a hearing to determine the extent of any incompetency, the ability to proceed to decision on claims without the assistance of the petitioner, and whether there was a chance the petitioner might return to competency in the future. *Id.* at 709. Thus, although the Court in *Ryan* did not directly hold such, the decision obviously contemplates continued representation of an incompetent inmate in a habeas action.

It follows, therefore, that although a petitioner does not have a constitutional right to self-representation in a § 2254 habeas corpus action, *Wiseman v. Beard*, 629 F.Supp.2d 488, 490 (E.D. Pa. 2009), this Court can require continued representation under 18 U.S.C. § 3006A(a)(2)(B) in the event the Court finds Petitioner is not competent to represent himself. That statute provides when "the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under § 2254[.]"

Until the Court has the opportunity and information necessary to determine Petitioner's competency, the Court will take no action on Petitioner's Notice of Self-Representation. Further, the Court will HOLD IN ABEYANCE counsel's Motion for Hearing on

9 - OPINION AND ORDER -

Issues of Self-Representation and Competency (#39) until such time as the Court reviews the medical and mental health records discussed below.

## II. Court-Ordered Release of Medical Records

As noted, Petitioner has refused to sign a release to allow his appointed counsel access to the medical and mental health records maintained by ODOC during Petitioner's incarceration. Under Oregon law, disclosure of inmate medical records by ODOC officials is controlled by Or. Rev. Stat. § 179.495(1), which provides in pertinent part:

> Written accounts of the inmates . . . maintained in the institution by the officers or employees of the institution who are authorized to maintain written accounts within the official scope of their duties, are not subject to disclosure unless the disclosure is permitted or authorized by the Department of Corrections with [statutory authority] or *upon order of a court of competent jurisdiction.*"

(Emphasis added). To the extent release of an inmate's medical records is protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the law allows health care providers to disclose medical records in response to a court order. See 45 C.F.R. § 164.512(e)(1) ("[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding . . . [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information

10 - OPINION AND ORDER -

expressly authorized by such order"); *Bertram v. Sizelove*, 2012 WL 273083, *2 (E.D. Cal., Jan. 30, 2012).

The Court is mindful of Petitioner's apparent disagreement with his current appointed counsel. As such, the Court will obtain and review Petitioner's ODOC medical and mental health records *in camera* and *ex parte*. The records shall not be disclosed to counsel for either party unless and until the Court so orders. Accordingly, by separate Order issued this date the Court will order ODOC to release directly to the Court a copy of all of Petitioner's medical and mental health records in ODOC possession.

## CONCLUSION

For these reasons, the Court takes no action at this time on Petitioner's Notice of Self-Representation. IT IS FURTHER ORDERED that the Motion for Hearing on Issues of Self-Representation and Competency (#39) is HELD IN ABEYANCE pending the Court's *in camera* review of Petitioner's medical and mental health records. All other deadlines are hereby STRICKEN, to be re-set by further order of the Court.

///

///

///

///

11 - OPINION AND ORDER -

The Court DIRECTS Petitioner's counsel to provide him a copy of this Order and the Order to Release Medical and Mental Health Records.

IT IS SO ORDERED.

DATED this 12th day of June, 2013.

_____
ANNA J. BROWN
United States District Judge